UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **KASARAL BASS** | ) |
| | ) |
| Plaintiff | ) Civil Action Number: |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| LaCosta, Inc. - IL | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Kasaral Bass (hereinafter "Plaintiff") by and through her undersigned counsel, and files this Complaint against Defendant LaCosta, Inc. - IL (hereinafter "Defendant"), pursuant to a racially discriminatory termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.§ 2000e, et seq which has deprived Plaintiff of her legal employment and lost wages.

2. Plaintiff was employed by Defendant as a shift supervisor of cleaning staff for a facility under contract with Defendant.

1

3. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission (EEOC) to Plaintiff on or about June 4, 2024, a true and correct copy of which is attached hereto. (See attached Exhibit A). Plaintiff timely filed a charge of discrimination with the EEOC (Charge No. 210-2024-06305) alleging race discrimination. (See attached Exhibit B). This action is filed within the ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

4. Plaintiff has exhausted her administrative remedies as required by 42 U.S.C. § 2000e, et seq..

5. Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory damages, punitive damages, any liquidated damages, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 2000e, et seq. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the State of Georgia and the jurisdiction of this Court and because Defendants have their principal offices in this District and are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Lagrange, Georgia.

8. Plaintiff is a citizen and resident of Troup County, Georgia.

9. Plaintiff is race is black or African American.

10. Plaintiff was employed by Defendant as a supervisor working at the Hyundai Mobis Georgia Plant located at 7001 Kia Pkwy, West Point, Georgia 31833. (hereinafter "Hyundai Plant")

11. Upon information and belief Defendant was contracted to provide facility cleaning services at the Hyundai Plant.

12. Defendant conducts business within this State and District.

13. Defendant provides Administrative and Support, Waste Management, Remediation, and Janitorial Services for its clients.

14. Defendant is subject to the jurisdiction and venue of the Court and may be served by serving a copy of the Complaint upon Defendant's Registered Agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

15. Defendant is a Foreign Profit Corporation with, according to its website, four locations in Georgia and is an "employer" subject to 42 U.S.C. § 2000e, et seq. and employs thousands of employees nationally.

16. Defendant conducts business within this State and District.

17. At all times material to this action, Plaintiff was an employee of Defendant.

## FACTUAL ALLEGATIONS

18. At all times relevant to this action, Plaintiff's primary duties were those of a shift supervisor at the Hyundai Plant providing janitorial services.

19. Plaintiff received a Gmail from Defendant on January 12, 2024, after they saw her profile.

20. Defendant was recruiting for a 2nd or 3rd shift supervisor and Defendant thought she would be a good fit for one of those positions.

21. The positions were for supervisors to supervise cleaning staff stationed at the Hyundai Plant.

22. Plaintiff chose the 3rd shift position because she was waiting to start school and that was the only shift to fit her schedule.

23. On or about January 22, 2024, Plaintiff was hired by Defendant, and she completed orientation on January 30, 2024.

24. Plaintiff met with Mr. Thomas the Site Manager and Stephanie the 1st Shift Supervisor and soon thereafter with the newly hired Custodial Manager, Ms. Jannie, a Caucasian female, who transferred in from the Auburn University location.

25. On or about February 12, 2024, Plaintiff met Ms. Jannie for the first time and was greeted with her complimenting Plaintiff and expressing her gratitude for the changes she said she was hearing about that were being made since Plaintiff had become the Supervisor on 3rd shift.

26. On or about February 13, 2024, Ms. Jannie met with Plaintiff.

27. During said meeting Ms. Jannie mentioned again how she continues to hear nothing but great things about the changes on 3rd shift.

28. Ms. Jannie then stated that a Ms. Stephanie, a Caucasian female, had lost her position on first shift due to clocking in and leaving, coming back, leaving and coming back to clock out at the end of her shift and not being able to uphold the duties as a supervisor.

29. She then asked Plaintiff if she would go to 2nd shift so that Stephanie could become the Supervisor on 3rd shift.

30. Plaintiff responded that she was unsure because she was waiting to hear back from her school to see when she would be able to start classes and if she were able to start then she wouldn't be able to swap because it would interfere with her class schedule.

31.     Ms. Jannie then stated that she needed a definite answer from Plaintiff within the next two weeks.

32. Soon thereafter Plaintiff's school application was accepted and on February

19, 2024, Plaintiff texted Ms. Jannie that she was unavailable to do the shift swap.

33. Ms. Jannie responded okay.

34. Hours later Ms. Jannie texted Plaintiff to call her.

35. Plaintiff called Ms. Jannie and was told that she needed Plaintiff's school information and schedule as they had to figure out a way to make the change work.

36. On February 29, 2024, Plaintiff received a text message from Ms. Jannie stating that she had been terminated due to unbecoming treatment/ actions toward employees.

37. Plaintiff then called and spoke to Mr. Thomas and also spoke to Leah Link, the HR Specialist.

38. Neither one of them initially told Plaintiff that they knew anything about her being terminated.

39. Prior to her termination Plaintiff had not received any negative feedback regarding her performance.

## COUNT I (Race Discrimination)

40. Plaintiff repeats and incorporates by reference the above Paragraphs herein.

41. This is a claim to redress the unlawful employment practice of Race Discrimination by terminating Plaintiff's employment because of her race a practice protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

42. Plaintiff is a black female and therefore a member of a protected class.

43. The Plaintiff was qualified to perform her job duties.

44. Plaintiff had been satisfactorily performing her job duties.

45. Defendant directly, intentionally and willfully discriminated against Plaintiff when it terminated her employment.

46. Defendant directly, intentionally and willfully discriminated against Plaintiff when they illegally took away her shift so as to accommodate a white employee.

47. Defendant directly, intentionally and willfully discriminated against Plaintiff when it terminated her employment.

48. Defendant directly intentionally and willfully discriminated against Plaintiff when it discriminated against her because of her race when it came to work duty assignments.

49. Plaintiff seeks, award of lost employment benefits and wages, back pay, interest, emotional distress damages, front pay, interest, liquidated damages, costs, attorney's fees, and reinstatement as a fulltime employee and any and all such other relief the trier of fact may assess.

50. Defendant's conduct was done with reckless indifference to Plaintiff's federally protected rights and Defendant failed to make good faith efforts to comply

with Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays judgment in her favor in the form of an Order of this Court:

A. Awarding Plaintiff back pay and benefits;

B. Awarding Plaintiff front pay and benefits;

C. Awarding Plaintiff liquidated damages;

D. Interest;

E. Emotional Distress Damages;

F. Punitive damages;

G. Awarding Plaintiff applicable injunctive relief and declaratory relief including but not limited to reinstatement as a fulltime retroactive to the date her employment was terminated;

H. Awarding Plaintiff reasonable costs, including expenses and attorneys' fees; and

I. Awarding Plaintiff any further relief as the Court deems just and proper.

Respectfully submitted this 28th day of July 2024.

MARTIN & MARTIN, LLP
By: /s/*Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344–7267